# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        **Plaintiff,**

  v.                                        **Case No. 08-CR-257**

**EDWIN MERCADO**
        **Defendant.**

## SENTENCING MEMORANDUM

Defendant Edwin Mercado pleaded guilty to possessing a firearm as a felon, 18 U.S.C. § 922(g)(1), and I set the case for sentencing. In imposing sentence, the court must first calculate the advisory sentencing guideline range, then impose sentence under all of the factors set forth in 18 U.S.C. § 3553(a). See, e.g., United States v. Bush, 523 F.3d 727, 729 (7th Cir. 2008).

### I. GUIDELINES

Defendant's pre-sentence report ("PSR") recommended a base offense level of 20 under U.S.S.G. § 2K2.1(a)(4)(A), due to defendant's prior conviction of a controlled substance offense, then subtracted 3 levels for acceptance of responsibility under § 3E1.1, for a final level of 17. The PSR then set defendant's criminal history category at III, producing a guideline range of 30-37 months. The parties agreed with the PSR's sentencing guideline calculations, which I found correct and adopted accordingly.

### II. SECTION 3553

**A.**     **Sentencing Factors**

Section 3553(a) directs the sentencing court to consider:

(1) the nature and circumstances of the offense, and the history and characteristics of the defendant;

(2) the need for the sentence imposed–

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the advisory guideline range;

(5) any pertinent policy statements issued by the Sentencing Commission;

(6) the need to avoid unwarranted sentence disparities; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). After considering these factors, the court must impose a sentence that is "sufficient but not greater than necessary" to satisfy the purposes of sentencing set forth in sub-section (a)(2) – just punishment, deterrence, protection of the public and rehabilitation of the defendant. While the guideline range will generally be the starting point in making this determination, the district court may not presume that the guideline sentence is the correct one. See, e.g., Nelson v. United States, 129 S. Ct. 890, 892 (2009); Gall v. United States, 128 S. Ct. 586, 596-97 (2007); Rita v. United States, 127 S. Ct. 2456, 2465 (2007). Rather, the court must make its own determination based on all of the circumstances of the case and under all of the § 3553(a) factors. See Gall, 128 S. Ct. at 596-97; United States v. Bartlett, Nos. 08-1196, 08-1197, 08-1198, 2009 WL 1577688, at *6 (7th Cir. June 8, 2009); United States v.

2

Taylor, 586 F. Supp. 2d 1065, 1068 (E.D. Wis. 2008).

**B.    Analysis**

    **1.    The Offense**

On August 12, 2008, police executed a search warrant at defendant's residence based on information from an informant that defendant, a gang member, possessed firearms. The informant stated that defendant's gang was amassing firearms in order to retaliate for the murder of one of its members. Officers recovered gang symbols, identifiers for defendant and, in the rafters in the garage, a rifle and two boxes of ammunition. In a contemporaneous statement to law enforcement, defendant admitted gang membership and stated that he possessed the gun to protect himself from rival gang members who had made threats against his crew.[1] As a convicted felon, defendant knew he that he could not lawfully possess a gun.

    **2.    The Defendant**

Defendant was, at the time of sentencing, twenty-two years old, with a modest prior record consisting of a juvenile theft and battery case from 2004, a loitering ticket in 2007, and a possession with intent to deliver marijuana case from 2008. Defendant was on probation for the marijuana case when he committed this crime, resulting in revocation and activation of a stayed 12 month jail term.

Defendant admitted joining a gang as a teen, leading to his troubles with the law. He left school prior to graduation, never completed his GED, and compiled a very limited employment record. Defendant also admitted regular use of marijuana but claimed it was not a problem. However, given the results of an assessment discussed in ¶ 53 of the PSR and his

---

[1] At sentencing, defendant, somewhat inconsistently, stated that the gang disbanded prior to his arrest in this case.

3

positive tests on pre-trial release, I concluded otherwise.

Both at sentencing and in his statement to the PSR writer, defendant indicated that he wanted to improve himself, furthering his education and learning a trade.[2] He also stated that he hoped to reconnect with his two year old son, who lived in Connecticut. Unfortunately, defendant's actions to date did not match his words. After completing the state revocation sentence, defendant was granted bond in this case, but he was later revoked based on violations of electronic monitoring and positive drug tests. He also failed to obtain employment or further his education while on pre-trial release.

**3.     The Sentence**

The guidelines recommended 30-37 months' imprisonment in this case, and I agreed that a fairly significant period of confinement was needed to satisfy the purposes of sentencing. Unlawful firearm possession – particularly when it is connected, even loosely, to gang membership – is a very serious crime. I did take into account that the gun in question was a rifle stashed in defendant's garage; this was not a case where defendant went armed in public with a concealed weapon, or carried it around in his car. Nevertheless, prison was necessary to provide just punishment. See 18 U.S.C. § 3553(a)(2)(A).

I also concluded that a period of incarceration was needed to deter and protect the public from further crimes. See 18 U.S.C. § 3553(a)(2)(B) & (C). The previous probationary sentences defendant received failed to correct his behavior, and his performance on

---

[2]The PSR indicated that defendant participated in the Job Corp in 2005 and 2006, and attended MATC in early 2008 for GED classes. However, he failed to complete his GED and, as indicated earlier, his work record was minimal.

4

supervision in the community had been poor.³ I did take into account that, prior to the revocation sentence, defendant had not done any significant time. I also took into account the fact that, despite some other problems on probation, his revocation in that case was prompted by his arrest for the instant offense.⁴ The guidelines recommend a consecutive sentence when the defendant was on supervision at the time he committed the federal offense, but concurrent time may be reasonable when the revocation is based on the instant offense conduct, see United States v. Huusko, 275 F.3d 600, 603 (7th Cir. 2001), and the court may also adjust a sentence to account, in whole or in part, for a discharged revocation term, see, e.g., United Sates v. Valadez, No. 07-CR-245, 2008 WL 4066092, at *3 (E.D. Wis. Aug., 27, 2008). Finally, in considering the guidelines' recommendation, I took into account that defendant's base offense level of 20 was based on a relatively minor, prior drug distribution case, not a crime of violence or some other offense suggesting that he posed a serious risk of gun violence.

Under all the circumstances, I found a sentence of 24 months sufficient but not greater than necessary. This sentence sufficiently punished, deterred and protected the public. Because the sentence varied modestly from the guidelines and was based on the particular facts of the case, it created no unwarranted disparity. See 18 U.S.C. § 3553(a)(6). Given the need for a prison sentence, I concluded that defendant's treatment needs had to be addressed initially through the Bureau of Prisons ("BOP") and later as conditions of supervised release.

---

³Defendant's conduct may, as his counsel suggested at sentencing, have been more a product of immaturity than defiance or malevolence. Whatever the cause, I had to impose a sentence sufficient to promote respect for the law and deter future law violations.

⁴Defendant actually served around 6 months in jail on the revocation.

5

In that regard, I recommended that the BOP place defendant at an institution as close to Milwaukee as possible, to ensure continued family contact, and that he participate in any substance abuse treatment and GED classes available. I further ordered defendant, as conditions of a three year supervised release term, to participate in drug testing and treatment, and to avoid any gang association. See 18 U.S.C. § 3553(a)(2)(D).

### III. CONCLUSION

For the foregoing reasons and those stated on the record, I committed defendant to the custody of the Bureau of Prisons for 24 months, followed by three years of supervised release. Other terms and conditions of the sentence appear in the judgment.

Dated at Milwaukee, Wisconsin, this 23rd day of June, 2009.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge